IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DARREN KEYS** | : | **CIVIL ACTION** |
| | : | |
| v. | : | No. 07-4050 |
| | : | |
| **U.S. DEPARTMENT OF JUSTICE,** | : | |
| *et al.* | : | |

**MEMORANDUM OPINION**

**Savage, J.**                                                                                                                 **April 24, 2008**

Seeking money damages for personal injuries arising out of a 1999 motor vehicle accident, plaintiff Darren Keys ("Keys"), a federal prisoner, sued the United States Department of Justice ("DOJ"), the correctional officer who was driving the car in which he was a passenger, the regional counsel for the Bureau of Prisons, and the person who signed a letter acknowledging receipt of plaintiff's administrative tort claim filed in 1999.[1] He claims the defendants prevented him from pursuing a personal injury claim against the driver of the other vehicle and failed to adjudicate his "Tort Claim." He contends that this alleged conduct denied him "due process of law, access to the courts" and constituted criminal offenses.[2]

The defendants' unopposed motion to dismiss the complaint was granted on March 13, 2008.[3] Because Keys had not responded to the motion, which was similar to one

---

[1] Although neither the regional counsel, Henry J. Sadowski, or the signatory to the letter, D. Kostyh, are named in the caption, they are named in the body of the complaint.

[2] Keys alleged that the defendants' actions were "ultimately" violations of various felony statutes, including 18 U.S.C. §§ 2, 4, 241, 371, 1001, and 1501. Compl. ¶ 21. However, none of these statutes provides a private cause of action. *See Fed. Sav. & Loan Ins. Corp. v. Reeves*, 816 F.2d 130, 137-38 (4th Cir. 1987); *Barrett v. City of Allentown*, 152 F.R.D. 50, 55-56 (E.D. Pa. 1993) (Huyett, J.).

[3] Order, *Keys v. U.S. Dep't of Justice*, C.A. No. 07-4050 (E.D. Pa. March 13, 2008) (Document No. 12).

granted in his action before Judge Robert Kelly, it was granted without an opinion.  Without explaining why he had not opposed the motion and without asking for reconsideration, Keys has filed an appeal.  This memorandum will explain the rationale for dismissing this action.

The complaint was dismissed for two reasons.  First, the complaint against the DOJ was dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) because it sought monetary relief against a defendant who is immune from suit.  Second, the complaint was barred by the statute of limitations.  Because amendment would have been futile, the complaint was dismissed without leave to amend.

## Factual Background[4] and Procedural History

Keys, no stranger to federal litigation,[5] alleges in his complaint that on August 18, 1999, he was a prisoner being transported back to Allenwood Prison Camp ("Allenwood") when the prison vehicle in which he was a passenger was struck by another car.  Compl. ¶ 8.  After the accident, the correctional officer immediately returned Keys to Allenwood without obtaining any identifying information from the motorist who struck the vehicle.  *Id*. ¶ 10.

After his return to Allenwood, Keys claims that he was initially denied medical attention for injuries resulting from the accident.  *Id*. ¶ 11.  After complaining, he was seen by medical personnel and found to have suffered neck and back injuries.  *Id*. ¶¶ 12, 14, 16. His claim is not that he was refused treatment or treated inappropriately regarding his

---

[4] The facts regarding the plaintiff's claim are taken from his complaint and are accepted as true for purposes of the motion to dismiss analysis.

[5] Keys has filed five separate actions in this district alone, Civil Actions 05-1290 (Kelly, J.); 06-2837 (Kelly, J.); 06-3512 (Savage, J.); 07-4050 (Savage, J.); and (08-1611) (Kelly, J.).

injuries. Instead, he complains that the defendants prevented him from pursuing a personal injury claim against the driver of the other vehicle.

Shortly after the August 1999 accident, Keys filed a "Tort Claim." *Id*. ¶ 17. The complaint does not state with whom this claim was filed or what relief was requested. Keys received a letter dated September 23, 1999, acknowledging receipt of his claim and stating that it would be adjudicated within six months. *Id*. at ¶ 18.[6] On March 16, 2000, he requested that his claim be adjudicated. *Id*. at ¶ 19. Keys "believes" that his claim was never adjudicated. *Id*. at ¶ 20.

Keys has filed four actions related to the accident in this court since early 2005. In the first one, he filed a petition for writ of mandamus to compel the adjudication of his tort claim.[7] Keys did not oppose the defendant's motion to dismiss, and the petition for writ of mandamus was dismissed for the reasons set forth in the defendants' unopposed motion.[8] Nor did he appeal that dismissal.[9]

In his second action, Keys filed a petition for mandamus against the DOJ, which

---

[6] The complaint did not state from whom this letter was received. However, a review of documents outside the complaint indicates that the letter was from the "U.S. Department of Justice, Federal Bureau of Prisons, Northeast Regional Office." The letter was signed by D. Kostyh "for" Henry J. Sadowski, Regional Counsel.

[7] Petition for Writ of Mandamus, *Keys v. U.S. Dep't of Justice*, C.A. No. 05-1290 (E.D. Pa. Mar. 21, 2005) (Document No. 1).

[8] Order, *Keys v. U.S. Dep't of Justice*, C.A. No. 05-1290 (E.D. Pa. Feb. 22, 2006) (Document No. 9).

[9] However, Keys filed subsequent motions, which were unrelated to his writ of mandamus or the facts surrounding the August 1999 vehicular accident, in Civil Action Number 05-1290 after the case was closed. These filings were struck from the record as improperly filed because the case had been closed since February 22, 2006. *See* Order, *Keys v. U.S. Dep't of Justice*, C.A. No. 05-1290 (E.D. Pa. June 27, 2006) (Document No. 12); Order, *Keys v. U.S. Dep't of Justice*, C.A. No. 05-1290 (E.D. Pa. April 13, 2007) (Document No. 15).

alleged retaliatory conduct for having filed "the action in Case No. 05-1290."[10] Moving to dismiss the petition, the DOJ asserted: (1) lack of venue; (2) failure to exhaust administrative remedies; and (3) failure to meet the required standard for mandamus relief.[11] The petition was dismissed for lack of venue.[12] Numerous motions to reconsider were denied.[13] Keys appealed to the Third Circuit Court of Appeals. His appeal is currently pending.[14]

In a third action, Keys filed a complaint against the DOJ, the warden of the Federal Correctional Institution (FCI) - Schuylkill, and several named and unnamed correctional officers. He reasserted essentially the same allegations regarding the August 1999 accident and its alleged coverup as he did in his latest action, adding a claim of retaliatory conduct by those officials.[15] The alleged retaliatory conduct was identical to the allegations made in his petition for writ of mandamus in Civil Action Number 06-2837. On August 21, 2006, the complaint was dismissed without prejudice and subject to reinstatement if Keys

---

[10] Petition for Writ of Mandamus ¶ 19, *Keys v. Dep't of Justice*, C.A. No. 06-2837 (E.D. Pa. June 23, 2006) (Document No. 1).

Keys also submitted a complaint in a civil rights action seeking monetary and equitable relief based on the same conduct about which he complained in Civil Action Number 06-2837. *See Keys v. Bittenbender*, C.A. No. 08-1611 (E.D. Pa. Apr. 4, 2008) (Not Docketed). As of this memorandum opinion, Keys's motion to proceed in *forma pauperis* has been denied without prejudice and the case closed.

[11] Motion to Dismiss, *Keys v. Dep't of Justice*, C.A. No. 06-2837 (E.D. Pa. Dec. 22, 2006) (Document No. 14).

[12] Order, *Keys v. Dep't of Justice*, C.A. No. 06-2837 (E.D. Pa. Feb. 13, 2007) (Document No. 20); Order, *Keys v. Dep't of Justice*, C.A. No. 06-2837 (E.D. Pa. Mar. 12, 2007) (Document No. 24); Order, *Keys v. Dep't of Justice*, C.A. No. 06-2837 (E.D. Pa. Nov. 19, 2007) (Document No. 28).

[13] Order, *Keys v. Dep't of Justice*, C.A. No. 06-2837 (E.D. Pa. Jan. 16, 2007) (Document No. 16).

[14] *See* Keys v. Dep't of Justice, Third Circuit Court of Appeals Docket No. 07-4573.

[15] Complaint, *Keys v. Dep't of Justice*, C.A. No. 06-3512 (E.D. Pa. Aug. 8, 2006) (Not Docketed).

filed a certified copy of his inmate trust fund account statement for the preceding six-month period within twenty (20) days.[16] Keys never filed the required account statement.[17] Consequently, his case was not reinstated. He did not appeal that decision.

This action is the fourth action Keys has filed in this district. He filed his *pro se* complaint, which is identical to the complaint filed in Civil Action Number 05-1290,[18] on September 27, 2007. His motion to proceed *in forma pauperis* was granted on November 2, 2007.[19]

In the complaint, Keys alleged Constitutional violations of his "unqualified constitutional Right to Access the Courts, to be free from Cruel and Unusual Punishment, to be Free from Violation of his Right to Due Process, [and] to be Free from Violation of his Right to Redress the Government for Grievances." *Id*. ¶ 21.[20] He apparently seeks to redress violations of his Fifth and Eighth Amendment rights pursuant to *Bivens v. Six*

---

[16] Order, *Keys v. Dep't of Justice*, C.A. No. 06-3512 (E.D. Pa. Aug. 21, 2006) (Document No. 3)

[17] The only subsequent filing in Civil Action Number 06-3512 was a Notice of Change of Address on September 19, 2006. (Document No. 4).

[18] Complaint, *Keys v. U.S. Dep't of Justice*, C.A. No. 05-1290 (E.D. Pa. Oct. 6, 2005) (Document No. 6). This complaint was filed subsequent to the petition for writ of mandamus filed in that 2005 action. *See* Petition for Writ of Mandamus, *Keys v. U.S. Dep't of Justice*, C.A. No. 05-1290 (E.D. Pa. Mar. 21, 2005) (Document No. 1). Because Civil Action Number 05-2390 was closed upon the court's dismissal of Keys's petition for writ of mandamus, it does not appear that the complaint filed in the 2005 action was ever considered by the court.

[19] Order*, Keys v. U.S. Dep't of Justice*, C.A. No. 07-4050 (E.D. Pa. Nov. 2, 2007) (Document No. 4).

[20] Keys also requested that the court order the Federal Bureau of Prisons ("FBP"), a non-defendant in this action, to "institute a policy that all accidents be reported as required by [Occupational Safety and Health Administration ("OSHA")] regulations." Compl. at ¶ 22. The FBP is not discussed anywhere in the complaint other than in the section titled "Relief Requested." However, even if the complaint were liberally construed to name the FBP as a defendant, any such claim would be barred by the statute of limitations, as discussed below.

*Unknown Named Agents of the Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).[21]

## Legal Discussion

Pursuant to the Prison Litigation Reform Act ("PLRA"), a district court *shall* dismiss an *in forma pauperis* complaint[22] if the action "(i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B) (emphasis added); *Grayson*, 293 F.3d at 109 n.10. Therefore, as prescribed by the statute, the complaint was dismissed because even accepting all factual allegations as true and construing the complaint in the light most favorable to Keys, he was not entitled to relief under any reasonable reading of the complaint. *Phillips v. County of Allegheny*, 515 F3d 224, 233 (3d Cir. 2008).

Even liberally construing the *pro se* complaint, Keys failed to make "some showing sufficient to justify moving the case beyond the pleadings to the next stage of litigation." *Id*. at 234. Keys simply did not state a claim for relief that was plausible on its face. *Id*.

### Federal Agencies Are Not Subject to *Bivens* Actions

Keys could not maintain his claims against the DOJ because no *Bivens* action may lie against a federal agency. *FDIC v. Meyer*, 510 U.S. 471, 485-86 (1994); *Brown*, No. 99-1931, 2008 WL 857556 at *1 ("The District Court properly dismissed any *Bivens* claims

---

[21] Keys did not allege a claim under the Federal Tort Claims Act ("FTCA"), as no FTCA claim may be maintained against any of the defendants in this action. "The only proper defendant in an FTCA suit is the United States itself." *Brown v. U.S. Justice Dep't*, No. 99-1931, 2008 WL 857556, at *1 (3d Cir. Apr. 1, 2008). The United States is not a defendant in this action. Allowing Keys leave to amend to name the United States as a defendant would be futile because the statute of limitations has long since expired.

[22] "Although the language of § 1915(e)(2) does not expressly limit the provision's reach to *in forma pauperis* claims," the Third Circuit has held that "Congress intended it to be so limited." *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 109 n.10 (3d Cir. 2002).

against the 'U.S. Justice Department.'"). Therefore, the complaint against the DOJ was properly dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii) (courts shall dismiss any *in forma pauperis* complaint that "seeks monetary relief against a defendant who is immune from such relief.").

## The Remaining Claims Are Barred by the Statute of Limitations

A district court may dismiss a complaint pursuant to Rule 12(b)(6) as barred by the statute of limitations, an affirmative defense pursuant to Fed. R. Civ. P. 8(c), when the face of the complaint evidences that defense. *Rycoline Prods., Inc. v. C&W Unlimited*, 109 F.3d 883, 886 (3d Cir. 1997); *Benak v. Alliance Capital Mgmt L.P.*, 435 F.3d 396, 400 n.14 (3d Cir. 2006). The complaint in this action clearly states that the automobile accident, which caused the injuries for which Keys sought relief, occurred in August 1999. The complaint also acknowledged that Keys knew or had reason to know of these injuries by at least September 23, 1999. The conduct of the defendants that Keys claims gives rise to his cause of action also occurred at or shortly after that time. Yet, Keys did not file the complaint in this action until September 27, 2007, more than eight years later.

The complaint asserted violations of Keys's constitutional rights stemming from the August 1999 automobile accident.[23] This *Bivens* action was subject to Pennsylvania's two-year statute of limitations for personal injury actions. *Gordon v. Pugh*, 235 F. App'x. 51, 53 (3d Cir. 2007); *Napier v. Thirty or More Unidentified Fed. Agents,* 855 F.2d 1080, 1088

---

[23] "A *Bivens* action, which is the federal equivalent of the § 1983 cause of action against state actors, will lie where the defendant has violated the plaintiff's rights under color of federal law." *Brown v. Philip Morris Inc.*, 250 F.3d 789, 800 (3d Cir. 2001).

(3d Cir. 1988); *Johnstone v. United States*, 980 F. Supp. 148, 153 (E.D. Pa. 1997).[24] The statute of limitations began to run when Keys knew or had reason to know of the injuries for which he sought relief. *Genty v. Resolution Trust Corp.*, 937 F.2d 899, 919 (3d Cir. 1991); *Gordon*, 235 F. App'x. at 53. The face of the complaint demonstrates that Keys knew about his injuries in 1999, over eight years before he filed the complaint in September 2007. Additionally, the alleged failure of the individual defendants to process his personal injury claim or to prevent him from pursuing it was known to him no later than early 2000, more than seven years before this action was filed. Therefore, this action was barred by the two-year statute of limitations and was properly dismissed without granting Keys leave to amend. *See* 28 U.S.C. § 1915(e)(2)(B) (the district court shall dismiss an *in forma pauperis* complaint that fails to state a claim upon which relief can be granted); *Grayson*, 293 F.3d at 108 (the district court need not allow amendment of an *in forma pauperis* complaint where "amendment would be inequitable or futile").[25]

## Conclusion

The complaint was properly dismissed as no *Bivens* action may lie against the DOJ, and the claims against the remaining defendants are barred by the statute of limitations. Because any amendment would have been futile, the action was dismissed.

---

[24] Keys asserted that 28 U.S.C. § 2401(1) allowed for a six-year statute of limitations in this action. Compl. ¶ 2(b) ("Jurisdiction is invoked . . . in that the action is brought within six years after the right accrues."). That statute, however, only applies in actions against the United States, which is not a defendant in this action. Moreover, that statute would bar any amended complaint naming the United States as a defendant as it has been over six years since the accrual of the cause of action.

[25] The complaint evidences no basis upon which the statute of limitations could have been tolled such that it would not have been subject to dismissal. Even if the statute of limitations were tolled during the pendency of Keys's "Tort Claim," there is no credible argument that the statute was tolled until September 2007.